UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Linda Hoekman, Mary Dee Buros, and Paul Hanson, on behalf of themselves and others similarly situated, | Case No. 18-cv-01686 (SRN/ECW) |
| Plaintiffs, | **ORDER** |
| v. | |
| Education Minnesota, Anoka Hennepin Education Minnesota, National Education Association, American Federation of Teachers, and Shakopee Education Association, | |
| Defendants. | |
| Thomas P. Piekarski, on behalf of himself and others similarly situated, | Case No. 18-cv-02384 (SRN/ECW) |
| Plaintiff, | |
| v. | |
| AFSCME Council No. 5, | |
| Defendants. | |

Douglas P. Seaton and James V.F. Dickey, Upper Midwest Law Center, 8421 Wayzata Boulevard, Suite 105, Golden Valley, MN 55426; Jonathan Franklin Mitchell, Mitchell Law PLLC, 111 Congress Avenue, Suite 400, Austin, TX 78701; and Talcott Franklin, Talcott Franklin PC, 1920 McKinney Avenue, Seventh Floor, Dallas, TX 75201, for Plaintiffs.

Amanda C. Lynch, Danielle Leonard, Patrick C. Pitts, and Scott A. Kronland, Altshuler Berzon LLP, 177 Post Street, Suite 300, San Francisco, CA 94108; and Cedrick Frazier, David Aron, and Margaret A. Luger-Nikolai, Education Minnesota, 41 Sherburne Avenue, Saint Paul, MN 55103, for the Education Minnesota Defendants.

1

April Pullium, Georgina Yeomans, Jacob Karabell, John M. West, Leon Dayan, and Ramya Ravindran, Bredhoff & Kaiser, PLLC, 805 Fifteenth Street NW, Suite 1000, Washington, D.C. 20005; and Josie Doris Hegarty, AFSCME Council 5, 300 Hardman Avenue South, South Saint Paul, MN 55075, for the AFSCME Defendants.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiffs' Motions for Review of Taxation of Costs filed in two related cases [18-cv-01686 (hereafter, "the Hoekman matter"), Doc. No. 195; 18-cv-02384 (hereafter, "the Piekarski matter"), Doc. No. 132]. Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court **DENIES** the motions.

I. ANALYSIS

In these cases, Plaintiffs sought the return of fees paid to their unions before and after the Supreme Court's ruling in *Janus v. Am. Fed'n of State, Cty., & Mun. Emps., Council 31*, 138 S. Ct. 2448 (2018). On February 12, 2021, this Court granted summary judgment in favor of Defendants, finding that Defendants were entitled to a good-faith defense to Plaintiffs' *Janus* claims. (Order Denying Mot. for Summ. J. [18-cv-01686, Doc. No. 173; 18-cv-02384, Doc. No. 117].) The Court entered judgment, and Defendants filed a Bill of Costs seeking $4,827.82 in the Hoekman matter and $2,813.22 in the Piekarski matter for transcription and witness fees. (Bill of Costs [18-cv-01686, Doc. No. 179; 18-cv-02384, Doc. No. 126].)

Plaintiffs objected, arguing that Plaintiffs had sought to resolve the core legal question in this case—the availability of a good-faith defense to Plaintiffs' *Janus* claims—on a motion to dismiss, but Defendants insisted on conducting discovery and raising that

legal question at summary judgment instead. (Obj. to Bill of Costs [18-cv-01686, Doc. No. 188; 18-cv-02384, Doc. No. 129].) In the Hoekman matter, Plaintiffs additionally allege that Ms. Hoekman's deposition was longer than necessary, and rife with "hostility and bullying" by Defendants' counsel in retaliation for a letter sent by Hoekman to union members. (Obj. to Bill of Costs [18-cv-01686, Doc. No. 188], at ¶¶ 4-7.) Defendants assert that they were entitled to seek resolution of Plaintiffs' claims on a full record, and deny that their litigation strategy was adopted in bad faith. (Response to Obj. to Bill of Costs [18-cv-01686, Doc. No. 191; 18-cv-02384, Doc. No. 130].) On May 21, 2021, the Clerk of Court taxed costs against Plaintiffs in the amount of $4,827.82 in the Hoekman matter and $1,689.21 in the Piekarski matter. (Cost Judgment [18-cv-01686, Doc. No. 193; 18-cv-02384, Doc. No. 131].) Plaintiffs move for review of the Cost Judgment on the same grounds raised in their Objection to the Bill of Costs.

Federal Rule of Civil Procedure 54(d)(1) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party." Under Rule 54(d), "[a] prevailing party is presumptively entitled to recover all of its costs." *In re Derailment Cases*, 417 F.3d 840, 844 (8th Cir. 2005) (citations omitted). The Court has "substantial discretion in awarding costs to a prevailing party." *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 363 (8th Cir. 1997) (quotation omitted).

Plaintiffs do not offer any case law supporting the proposition that a district court should deny transcription and witness costs incurred by a prevailing defendant merely because the defendant put the plaintiff to its proof through a motion for summary judgment.

3

Although Rule 12 empowers a defendant to seek dismissal of a plaintiff's claims prior to discovery, a defendant is not required to exercise that option. *See* Fed. R. Civ. P. 12(b) ("[A] party **may** assert the following defenses by motion . . . ." (emphasis added)). The Court declines to penalize Defendants for the strategic choice to seek resolution of Plaintiffs' claims on a full record, rather than on a motion to dismiss—a decision the rules fully entitled the Defendants to make.[1]

Moreover, the Court is not persuaded that Defendants have acted in bad faith. It is true that Defendants' counsel have resolved similar cases through Rule 12 motions, rather than at summary judgment. But Plaintiffs' assertion that Defendants' strategy in this case was guided by a desire to punish Ms. Hoekman for distributing a letter to union members is simply implausible. Defendants seek less than five thousand dollars in transcription costs in the Hoekman matter—they have undoubtedly incurred far greater expenses in attorneys fees and other costs by proceeding to the summary judgment stage, which they do not seek to tax.

---

[1] The Court notes that, to the extent Plaintiffs assert that this case raised a purely legal question rendering discovery unnecessary, Plaintiffs ostensibly could have sought resolution of Defendants' asserted good-faith defense through their own motion under Rules 12(c) and 12(f), even though Defendants refused to file a Rule 12(b)(6) motion. *See, e.g.*, *Aaron v. Martin*, No. 4:11CV1661 FRB, 2013 WL 466242, at *2 (E.D. Mo. Feb. 7, 2013) (noting that "[t]he Federal Rules of Civil Procedure provide two ways for a party to challenge the sufficiency of an affirmative defense: a motion for judgment on the pleadings under Rule 12(c), or a motion to strike under Rule 12(f)," and striking one of the counterclaim defendant's affirmative defenses). It does not appear that Plaintiffs attempted to exercise this procedural vehicle. The Court cannot fault Defendants for declining to seek resolution of this case on a Rule 12(b)(6) motion when Plaintiffs could have sought a determination on the availability of the good-faith defense by their own motion.

The Court finds that Plaintiffs have not overcome the presumption that a prevailing party be awarded its costs. Because Plaintiffs do not object to the amount of costs taxed by the Clerk of Court, the Court affirms the Cost Judgments entered on May 21, 2021.

## II. CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Motions for Review of Taxation of Costs [18-cv-01686, Doc. No. 195; 18-cv-02384, Doc. No. 132] are **DENIED**, and the Cost Judgments [18-cv-01686, Doc. No. 193; 18-cv-02384, Doc. No. 131] entered in these matters are **AFFIRMED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 25, 2021                                s/Susan Richard Nelson
                                                    SUSAN RICHARD NELSON
                                                    United States District Judge